IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RANDY HIRSCHKORN                                                                    PLAINTIFF

v.                                        CIVIL NO. 11-2116

CITY OF PARIS; CITY OF PARIS
POLICE DEPARTMENT; and
LARRY MERRILL, in his official and
individual capacities                                                               DEFENDANT

## **O R D E R**

On February 7, 2011, the above parties will be participating in a settlement conference regarding a lawsuit filed by plaintiff on June 23, 2011. (ECF No. 1). The Defendants filed a Motion to Close Mediation (ECF No. 34) on February 5, 2013.

Defendant, a governing body within the state of Arkansas, is required under the Arkansas Freedom of Information Act (FOIA) to contact the news media prior to all meetings. A.C.A. § 25-19-106(b). Any meeting, either formal and informal, of a governing body is to be held open to the public. A.C.A. § 25-19-106(a). FOIA is liberally interpreted most favorably to having public business performed in an open and public manner. *Harris v. City of Fort Smith*, 359 Ark. 355 (Ark. 2004). This Court acknowledges the liberal interpretation of FOIA in allowing access to all governing body meetings; however, keeping in mind that fostering settlement of any case or controversy is an Article III function, we must balance countervailing factors against the presumption of public access to settlement conference negotiations.

"A settlement conference is an opportunity for the parties, with the court acting as an

impartial mediator, to have frank discussion about the value of avoiding a trial." *U.S. v. Glens Falls Newspaper*, 160 F.3d 853, 858 (2nd Cir. 1998)(citations omitted). During these discussions the parties are often called upon to evaluate both the strengths and weaknesses of their respective cases. Parties participating in a settlement conference would be reluctant to make any concessions or openly discuss all avenues of settlement if they could expect that their statements during negotiations or their settlement proposals would be published at large to the public. Public access to settlement conference negotiations would in effect render a settlement conference useless because parties would not openly evaluate their case with the court.

Based on the above discussion, the undersigned finds the settlement statements and settlement negotiations to be held on the above reference date will not be open to the public and the Defendant's Motion to Close Mediation (ECF No. 34) is **GRANTED**.

IT IS SO ORDERED this 6th day of February 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE